UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMANDA TRAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:04-CV-00445 |
| | ) |
| GTE NORTH INC., doing business as | ) |
| VERIZON NORTH INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Amanda Traylor filed a Motion to Amend Complaint (Docket # 15), which seeks leave to add a claim of constructive discharge arising under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2001 *et seq*.  For the reasons provided herein, the motion will be GRANTED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On November 23, 2004, Traylor filed a complaint against Defendant GTE North Inc., doing business as Verizon North Inc. ("Verizon"), alleging that she was (1) denied substantive FMLA benefits by having to pay a portion of her health care premiums while on leave, and (2) retaliated against by being transferred to a new position as a dispatcher upon her return from FMLA leave. (Docket # 1.)  The parties participated in a planning meeting on February 14, 2005, and a preliminary pretrial conference on February 22, 2005, whereby the Court set a deadline of March 16, 2005, for any amendments to pleadings by Traylor, and a discovery deadline of

October 14, 2005. (Docket # 13, 14.)

On March 16, 2005, Traylor filed a Motion to Amend Complaint, seeking leave to file her First Amended Complaint which adds a claim that she was further retaliated against when she was constructively discharged from the dispatch position by Verizon. (Mot. to Amend Compl. ¶ 15.)  Verizon, however, opposes Traylor's motion, contending that Traylor's proposed amendment comes after undue delay, is made in bad faith, causes undue prejudice to Verizon, and is futile. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. at 3-4.)

## II.  STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires.  *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

## III.  DISCUSSION

Here, Traylor moves to amend her complaint to add a claim that she was constructively discharged from the dispatch position to which she was transferred, in retaliation for taking FMLA leave.  Traylor argues that her motion should be granted because (1) it was timely filed on March 16, 2005, the last day within the time period allowed to amend her pleading under the schedule agreed to by the parties, and (2) leave to amend by the court should be "freely given when justice so requires."  *See* Fed. R. Civ. P. 15(a); *Sanders v. Venture Stores, Inc.*, 56 F.3d

2

771, 773 (7th Cir. 1995).  Verizon, however, disagrees.

First, Verizon argues that Traylor's motion should be denied because it comes after undue delay.  Specifically, Verizon contends that Traylor has no justification for her delay in asserting the new claim because the allegations regarding constructive discharge arise from the very same facts described four months earlier by Traylor in her initial complaint. However, Traylor's motion to amend was filed within the time period allowed under the schedule agreed to by the parties, with seven months remaining for discovery, and prior to the filing of any motions for summary judgment.  The Seventh Circuit has uniformly advised "that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial." *Sanders*, 56 F.3d at 774; *see also Figgie Intern Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001).  Here, neither trigger identified by the Seventh Circuit – the close of discovery or a motion for summary judgment – has yet occurred and, furthermore, the motion was timely filed pursuant to the schedule agreed to by the parties.  Hence, Traylor's four-month delay in filing her claim of constructive discharge fails to rise to the level of "undue delay" sufficient to deny leave to amend.

Verizon further contends that Traylor has no legitimate explanation for the delayed request and is simply filing the claim in bad faith after deducing from the pretrial conference that her initial claims lack merit. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. at 3.) However, since Traylor filed her motion within the time frame allowed under the schedule, she has no duty to show "good cause" to be successful on the motion. *See* Fed. R. Civ. P. 16(b). This is Traylor's first proposed amendment to her complaint, ample time is left in the discovery

3

period, no motion for summary judgment has been filed, and judgment has not been entered. Simply, Verizon has failed to produce evidence of an "apparent or declared reason" of bad faith on Traylor's part sufficient to overcome Rule 15(a)'s mandate to freely give leave to amend. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).  Therefore, Verizon's bad faith argument fails as well.

Next, Verizon contends that it will be unduly prejudiced if leave to amend is granted, as it has been preparing its defense in response to the theories set forth in Traylor's initial complaint and mediation is scheduled to take place in just four weeks. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. at 4.) However, Verizon agreed to the schedule set forth by the parties at the pretrial conference and, thus, was aware that Traylor had through March 16, 2005, to amend her pleading. Furthermore, there are seven months left in the discovery period and Traylor is simply seeking leave to add one new claim against Verizon, not numerous claims or additional new defendants. *See Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (denying plaintiff leave to add a large number of new claims that would require substantial additional discovery and result in prejudice to defendant).  Therefore, Verizon's claim of prejudice is also unconvincing.

Finally, Verizon contends that Traylor's motion to amend should be denied because it is futile.  An amendment is futile when it reasserts a claim previously determined, merely restates the facts from the original complaint using different language, fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Here, the proposed amendment does not merely restate facts; it alleges a new claim of constructive discharge under the FMLA against Verizon, a valid theory of liability not

previously determined. Verizon focuses its objections on the fourth criterion set forth in *Bower*, whether the claim of constructive discharge could withstand a motion to dismiss, arguing at length in its response brief how Traylor has not, and cannot, establish the elements of a *prima facie* case of constructive discharge. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. at 4.)

However, a claim will be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint," as a "liberal notice pleading philosophy . . . underlies the Federal Rules of Civil Procedure." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (internal quote marks omitted); *see also* Fed. R. Civ. P. 12(b)(6); *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Here, Traylor claimed in her proposed amended complaint that she was an employee entitled to the benefits of FMLA, and that Verizon, upon her return from FMLA leave, transferred her to a position which had intolerable working hours. (Pl.'s First Am. Compl. ¶¶ 4, 7, 11, 15.) She further alleges that when she notified Verizon of the intolerable working hours, Verizon refused to work out the problem and, thus, she was "forced to resign." *Id.*; *see generally Ulichny v. Merton Cmty. Sch. Dist.*, 249 F.3d 686, 702-04 (7th Cir. 2001) (describing elements of a constructive discharge claim). In light of the liberal notice pleading philosophy of the Federal Rules, the Court finds Traylor sufficiently pled the claim of constructive discharge to survive a motion to dismiss. Therefore, Verizon's claim that Traylor's motion to amend should be denied for futility is also unsuccessful.

In summary, because Verizon has failed to convincingly show that Traylor's proposed amendment comes after undue delay, is made in bad faith, causes undue prejudice, or is futile,

Traylor's motion to amend is granted.

## IV.  CONCLUSION

For the reasons stated herein, the Motion to Amend Complaint by the Plaintiff (Docket # 15) is hereby GRANTED.

Enter for the 13th day of April, 2005.

S/Roger B. Cosbey

_____
Roger B. Cosbey,
United States Magistrate Judge